**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4186-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BOBBY L. BROWN,

     Defendant-Appellant.

_____

Submitted March 31, 2020 – Decided May 4, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 91-05-0273.

Bobby L. Brown, appellant pro se.

James L. Pfeiffer, Acting Warren County Prosecutor, attorney for respondent (Dit Mosco, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Pro se defendant Bobby L. Brown appeals the May 2, 2019 Law Division order denying his fourth post-conviction relief (PCR) petition, claiming he received ineffective assistance of trial counsel and an illegal sentence. We affirm.

I.

We briefly summarize the relevant facts. Defendant was convicted on two counts of purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2), along with thirteen other charges set forth in Warren County Indictment No. 91-05-0273.

The trial court imposed a sentence of death for the murder of Alice Skov, and life imprisonment with a thirty-year period of parole ineligibility for the murder of John Bell. The Supreme Court affirmed both of the murder convictions and the life sentence for Bell's murder, but reversed defendant's death sentence as to Skov. State v. Brown, 138 N.J. 481, 563 (1994).

On remand, on March 17, 1995, the court sentenced defendant to life imprisonment, with a thirty-year period of parole ineligibility as to Skov. We affirmed the sentences on the Excessive Sentencing calendar. The Supreme Court denied defendant's petition for certification. State v. Brown, 144 N.J. 587 (1996).

On April 24, 1997, defendant filed his first PCR petition, which the PCR court denied. We affirmed. State v. Brown, No. A-188-99 (App. Div. Feb. 26, 2001). Almost ten years later, defendant filed a second PCR petition, initially characterized as a motion to correct an illegal sentence, which we previously noted has no time bar under Rule 3:22-12(a). The PCR court denied the petition because both the Law and Appellate Divisions had previously adjudicated defendant's illegal sentence claim. See R. 3:22-5.

Pertaining to defendant's ineffective assistance of counsel claim, the PCR court found it was time-barred because defendant asserted it beyond the five-year period provided in Rule 3:22-12. We affirmed. State v. Brown, No. A-3394-07 (App. Div. Apr. 30, 2009) (slip op. at 7).

Thereafter, on December 8, 2011, defendant filed his third PCR petition. On June 18, 2012, the PCR court denied the petition finding that it was filed more than ninety days following the dismissal of defendant's second PCR petition on October 25, 2007, and more than five years after the entry of the judgment of conviction on March 17, 1995. The PCR court concluded that defendant's third PCR petition was time-barred because it did not comply with Rule 3:22-12(a)(4). Again, we affirmed. State v. Brown, No. A-6172-11 (App. Div. Feb. 27, 2014) (slip op. at 4).

A-4186-18T1

On February 14, 2019, almost twenty-five years after his conviction, defendant filed the PCR petition under review. In the petition, defendant attested that his trial counsel did not inform him in open court about plea bargain negotiations in violation of Rule 3:9-1(f), and defendant was not interviewed prior to the Presentence Report Investigation (PSI), resulting in an inaccurate presentence report and illegal sentence. Defendant claimed he was unaware of the plea negotiations with the State, and co-defendant Coleen Alexander, received more favorable treatment at her sentencing hearing. His affidavit also stated that he was not provided Miranda[1] warnings, and the sentencing judge improperly considered defendant's conviction in Germany for street robbery while he was serving in the U.S. Army as an aggravating factor. Although not raised in the opinion, defendant claims for the first time on appeal, that the judge should have recused himself.

On May 2, 2019, the PCR court issued a written opinion denying defendant's petition and entered a memorializing order. The PCR court found defendant's petition to be time-barred because the relief sought was "well outside the five[-]year period" and "the filing of [the] petition [did] not comply with [Rule] 3:22-12(a)(4)."

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-4186-18T1

Additionally, the PCR court determined that on October 2007, "the original sentencing judge weighed the aggravating and mitigating factors correctly" and defendant's assertions as to an illegal sentence "are substantially the same as his prior assertions." The PCR court also concluded that defendant's claim that there is newly discovered evidence regarding his plea bargain and information not communicated to him was time-barred.

Defendant raises the following argument in his brief:

> THE POST[-]CONVICTION RELIEF COURT ERRED IN CATALOGING THE PAST PETITIONS AND THEN DENYING THE PETITIONER RELIEF WITHOUT ANY FINDINGS OF FACTS OR CONCLUSIONS OF LAW CONCERNING THE ISSUES RAISED DIRECTLY BEFORE THE COURT IN THE INTEREST OF JUSTICE THUS REQUIRING A REVERSE AND REMAND ON ALL THREE ISSUES RAISED BEFORE THE COURT.

Having thoroughly reviewed the record, we conclude that the arguments presented on appeal are entirely without merit. We affirm the denial of PCR substantially for the reasons stated by the PCR court. We add the following.

Defendant's claim that he was denied the effective assistance of counsel as required by the Sixth Amendment to the United States Constitution is considered under the standards enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to prevail on such a claim, a defendant first must

5

show that his attorney's handling of the matter "fell below an objective standard of reasonableness." Id. at 688.

A defendant also must show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Our Supreme Court has adopted this standard for evaluating ineffective-assistance-of-counsel claims under our State constitution. State v. Fritz, 105 N.J. 42, 58 (1987).

The test also applies to defendants who reject plea offers and go to trial, alleging that their decision was due to an attorney's ineffective counseling. However, in those cases, specific instances of attorney ineffectiveness existed, such as assuring a client that the plaintiff had no proof of their case. Lafler, 566 U.S. at 161.

The record does not support defendant's arguments. As the PCR court noted, defendant is claiming, for a fourth time, that there is newly discovered evidence, he was counseled ineffectively, and he received an illegal sentence. We agree with the PCR court that defendant's PCR claims are time barred because his petition was filed beyond the five-year period required by Rules 3:22-4 and 3:22-12(a)(2).

6

Rule 3:22-12(a)(2) provides that no second or subsequent petition for PCR shall be filed more than one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The record shows defendant argued he had ineffective assistance of counsel relative to plea negotiations twelve to fourteen years after he was sentenced. The PCR court was correct in concluding that defendant's PCR petition on this claim failed to comply with Rule 3:22-12(a)(2), and that he was also precluded from relief under Rule 3:22-12(a)(4).

On October 10, 2007, the Court held that the original sentencing judge properly weighed the aggravating and mitigating factors. Here, defendant's argument about an illegal sentence mirrors his prior petitions. Therefore, his illegal sentence claim has already been adjudicated and not subject to review on

the merits.  <u>State v. McQuaid</u>, 147 N.J. 464, 498 (1997).  Moreover, we see no prejudice.

We have reviewed each of defendant's contentions and the applicable law, and we conclude that the remainder of his arguments are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4186-18T1